Case 3:05-cv-00419-SRU Document 1 Filed 03/08/2005 Page 1 of 10

FILED
2005 MAR -8 P 2:22
U.S. DISTRICT COURT
NEW HAVEN, CT

RECEIVED
JUL 03 2006
Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>FIELDPOINT PARTNERS SBIC, L.P.<br>Defendant | ) | Civ. Action No.<br>305CV00419 SRU |

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, Fieldpoint Partners SBIC, L.P. (hereinafter "Fieldpoint" or "Licensee"), is a Delaware limited partnership formed on November 12, 1999 that maintains its principal place of business at 1 Sound Shore Drive, Greenwich, Connecticut 06830. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

**Statutory and Regulatory Framework**

4. Fieldpoint was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on May 8, 2000, SBA License No. 01/71-0380, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6. Fieldpoint's Agreement of Limited Partnership expressly provides that Fieldpoint was organized for the sole purpose of operating under the Act and that Fieldpoint is subject to the Regulations issued by SBA thereunder.

7. Fieldpoint's general partner is Fieldpoint Corporation, a Delaware corporation.

8. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide financing to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Fieldpoint through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total amount of $8,150,000.

a. Loan No. 02033451-08 in the amount of $1,000,000 disbursed August 4, 2000;
b. Loan No. 02033452-06 in the amount of $1,000,000 disbursed August 4, 2000;
c. Loan No. 02033453-04 in the amount of $2,150,000 disbursed October 13, 2000;
d. Loan No. 02033454-02 in the amount of $1,000,000 disbursed March 2, 2001;
e. Loan No. 02033455-00 in the amount of $1,000,000 disbursed April 13, 2001;
f. Loan No. 02033456-09 in the amount of $1,000,000 disbursed May 8, 2001;
g. Loan No. 02033457-07 in the amount of $1,000,000 disbursed May 8, 2001.

Case 3:05-cv-00410-SRU Document 1 Filed 03/08/2005 Page 3 of 10

10. The Participating Securities described in paragraph 9, above, are expressly subject to and incorporated by reference in the Regulations, including but no limited to the provision of 13 C.F.R. §§107.1820-1850 and §107.507.

11. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Fieldpoint may be forfeited and the company may be declared dissolved.

12. Section 311 of the Act, 15 U.S.C. §687c, provides that upon a determination by SBA that if a Licensee such as Fieldpoint, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

**COUNT ONE**

**CAPITAL IMPAIRMENT**

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. SBA determined that Fieldpoint had a condition of Capital Impairment of 92% as of December 31, 2002.

15. Section §107.1830(c) of the Regulations requires that Fieldpoint not have a condition of Capital Impairment of greater than 40%, as that term is defined under the Regulations.

16. By letter dated July 16, 2003, SBA afforded Fieldpoint an opportunity to cure its condition of Capital Impairment by July 31, 2003.

17. Fieldpoint failed to cure its condition of Capital Impairment by July 31, 2003 and remains capitally impaired. As of February 28, 2005, Fieldpoint's capital impairment percentage is over 100%.

18. Fieldpoint's failure to cure its condition of Capital Impairment is a violation of §107.1830(b) of the Regulations.

19. Fieldpoint's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is a violation of Section 13 C.F.R. §107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities.

20. SBA has determined that Fieldpoint is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is in violation of the Regulations, 13 C.F.R. §§107.1830(b) and 507(a).

21. As a consequence of Fieldpoint's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Fieldpoint.

## COUNT TWO

## VIOLATION OF CONDITIONS OF RESTRICTED OPERATIONS

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. By letter dated July 31, 2003, SBA placed Fieldpoint in Restricted Operations, pursuant to §107.1830(b) of the Regulations.

24. Section 107.1820(f)(3) of the Regulations provides that until Restricted Operations conditions are cured to SBA's satisfaction, SBA may require that all commitments

from investors be funded at the earliest time(s) permitted in accordance with Licensee's Articles or Agreement of Limited Partnership.

25. To date, six of Fieldpoint's investors have failed to respond to a January 2003 capital call issued by Fieldpoint upon SBA's request pursuant to §107.1820(f)(3) of the Regulations.

26. Due to its investors' failure to honor their outstanding commitments, SBA has determined that Fieldpoint is in violation of §107.1820(f)(3).

27. Fieldpoint has also failed to call an additional $6,893,750.00 in unfunded commitments in violation of Section 107.1830(b) of the Regulations.

28. As a consequence of Fieldpoint's violation of §107.1820(f)(3), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Fieldpoint.

## COUNT THREE

## UNAPPROVED DECREASE IN REGULATORY CAPITAL

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. Section 107.585 of the Regulations requires prior written approval by SBA in order to decrease a Licensee's regulatory capital, as that term is defined in the Regulations at 13 C.F.R. §107.50, by more than two percent.

31. To date, six of Fieldpoint's investors have failed to respond to a January, 2003 capital call issued by Fieldpoint upon SBA's request pursuant to §107.1820(f)(3) of the Regulations.

32. Section 107.50 of the Regulations provides that an investor's commitment to a Licensee is excluded from the Licensee's Regulatory Capital if SBA determines that the collectibility of the commitment is questionable.

33. Due to the failure to honor the January, 2003 capital call, SBA determined that the collectibility of Fieldpoint's unfunded investors is questionable pursuant to the Regulations and thus excluded the commitments from Regulatory Capital.

34. The decrease in regulatory capital described in paragraph 33, above, caused Fieldpoint to suffer a decrease in regulatory capital of over 2% without SBA's prior written approval.

35. SBA has determined that Fieldpoint is in violation of the Regulations, 13 C.F.R. §107.585, for an unapproved decrease in regulatory capital.

36. Based upon the violation of §107.585, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Fieldpoint.

**COUNT FOUR**

**INADEQUATE EQUITY CAPITAL INVESTMENTS AND VIOLATION OF RESTRICTED OPERATIONS**

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. Section §107.1500(b)(4) of the Regulations requires Licensees of Participating Securities to invest an amount equal to the original issue price of such securities solely in Equity Capital Investments, as that term is defined in the Regulations at 13 C.F.R. §107.50.

39. Fieldpoint has $8,150,000 of outstanding Participating Securities and $3,275,100 of Equity Capital Investments.

Case 3:05-cv-00419-SRU Document 1 Filed 03/07/2006 Page 7 of 10

40. Despite having been notified of the equity capital investment requirement by SBA, Fieldpoint subsequently made two additional non-Equity Capital Investments in November 2001 and May 2002 without rectifying its equity capital percentage and without SBA approval.

41. This non-Equity Capital Investment constituted a violation of §107.1500(b)(4) and §107.507 as well as a violation of Fieldpoint's conditions of Restricted Operations as that term is defined in the Regulations, §107.1820(f)(1).

42. Based on Fieldpoint's flagrant violations of §107.1500(b)(4), §107.507, and §107.1820(f)(1) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Fieldpoint.

**COUNT FIVE**

**DISPOSITION OF ASSETS TO ASSOCIATES WITHOUT PRIOR SBA APPROVAL**

43. Paragraphs 1 through 42 are incorporated herein by reference.

44. Pursuant to §107.885(a) of the Regulations, as long as there is outstanding leverage, Licensees are not permitted to dispose of assets to any Associates without prior SBA approval.

45. On April 28, 2003, Fieldpoint created a wholly-owned subsidiary, Stent Technology Holdings, LLC (STH). The sole member of STH is Fieldpoint, and its sole manager is H.R. Dukes, an associate of Fieldpoint pursuant to sections one and three of the definition of associate found at 13 C.F.R. §107.50.

46. On April 28, 2003, Fieldpoint created a wholly-owned subsidiary, Supply Chain Holdings LLC (SCH). The sole member of SCH is Fieldpoint and its sole manager is H.R. Dukes, an associate of Fieldpoint pursuant to sections one and three of the definition of associate found at 13 C.F.R. §107.50.

47. On April 28, 2003, Fieldpoint created a wholly-owned subsidiary, Clinical Trial Technologies LLC (CTT). The sole member of CTT is Fieldpoint and its sole manager is H.R. Dukes, an associate of Fieldpoint pursuant to sections one and three of the definition of associate found at 13 C.F.R. §107.50.

48. On June 17, 2003, Fieldpoint created LawStreet, Inc., a wholly-owned subsidiary (LSI—DE). LSI-DE has no employees; its sole corporate officers are Nestor Olivier, president, and H.R. Dukes, vice president, both of whom are associates of the Fieldpoint pursuant to sections one and three of the definition of associate found at 13 C.F.R. §107.50.

49. The four wholly-owned subsidiaries are also associates of Fieldpoint as that term is defined in §107.50(4) and §107.50(5) of the Regulations.

50. On May 8, 2003, Fieldpoint transferred assets acquired from SMA Medical Inc. (SMA), a defaulted portfolio concern, to STH without prior written approval of SBA.

51. On May 8, 2003, Fieldpoint transferred assets acquired from EHose.com, Inc. (EHose), a defaulted portfolio concern, to SCH without prior written approval of SBA.

52. On May 8, 2003, Fieldpoint transferred assets acquired from HealthExchange, Inc. (HEI), a defaulted portfolio concern, to CTT without prior written approval of SBA.

53. On July 31, 2003. Fieldpoint transferred assets acquired from LawStreet.com, Inc. (LSCI-NJ), a defaulted portfolio concern, to LSI—DE, without prior written approval of SBA.

54. SBA has determined that these dispositions of assets by the Licensee to its four Associates without prior approval by the SBA are violations of the Regulations, 13 C.F.R. §107.885.

55. Based on the Licensee's violations of §107.885, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Fieldpoint.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Fieldpoint, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Fieldpoint's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Fieldpoint, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Fieldpoint's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. §687c, take exclusive jurisdiction of Fieldpoint and all of its assets, wherever located, appoint SBA as receiver of Fieldpoint for the purpose of marshaling and liquidating the assets of Fieldpoint and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

Case 3:05-cv-00419-SRU Document 1 Filed 03/08/2005 Page 10 of 10

D. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

Dated: 3-8-05

By: John A Hughes
JOHN HUGHES ct05289
Assistant United States Attorney
Connecticut Financial Center
157 Church Street
23rd Floor
New Haven, Connecticut 06510
Tel. (203) 821-3700
Fax (203) 773-5373

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 3-8-05

By: Arlene M. Embrey
ARLENE M. EMBREY JAH
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324